1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7
8
9
10
11
12
13

JO ANN HOEPPNER-CRUZ, as Trustee of
THE ANTHONY J. FREITAS AND
JACQUELINE HOEPPNER-FREITAS
1997 REVOCABLE TRUST,

          Plaintiff,

     v.

ROBERT W BROWER,

          Defendant.

Case No.  24-cv-05170-TSH

**ORDER DENYING MOTION TO
DISMISS**

Re: Dkt. No. 29

14

## I.    INTRODUCTION

15          Jo Ann Hoeppner-Cruz, in her capacity as the Trustee of The Anthony J. Freitas and

16   Jacqueline Hoeppner-Freitas 1997 Revocable Trust, brings this case under California Probate

17   Code section 17200 against Defendant Robert Brower related to the sale of property under the

18   Trust.  Pending before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of

19   Civil Procedure 12(b)(1), in which he argues that diversity jurisdiction is lacking because both the

20   Trust and he are citizens of California.  ECF No. 29.  Plaintiff filed an Opposition (ECF No. 31)

21   and Defendant filed a Reply (ECF No. 32).  The Court finds this matter suitable for disposition

22   without oral argument and **VACATES** the July 31, 2025 hearing.  *See* Civ. L.R. 7-1(b).  For the

23   reasons stated below, the Court **DENIES** the motion.[1]

24

## II.    BACKGROUND

25          Plaintiff is a resident of Maryland.  Compl. ¶ 2, ECF No. 1.  Defendant is a resident of

26   California.  *Id.* ¶ 5; Brower Decl. ¶ 2, ECF No. 30.

27   ───────────────

28   [1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF Nos.
     12, 16.

United States District Court
Northern District of California

United States District Court
Northern District of California

1

On April 12, 1997, Anthony Freitas and Jacqueline Hoeppner-Freitas, while living in

2    California, established The Anthony J. Freitas and Jacqueline Hoeppner-Freitas 1997 Revocable

3    Trust, under which they were Co-Trustees of the Trust.  Compl. ¶ 14 & Ex. A; Brower Decl. ¶ 4.

4    On April 20, 2007, while living in California, they executed the First Amendment to the Trust.

5    Compl. ¶ 15 & Ex. B; Brower Decl. ¶ 5.

6

Anthony died in California on November 28, 2013, leaving Jacqueline as sole Trustee.

7    Compl. ¶ 16; Brower Decl. ¶ 6 & Ex. A.  Jacqueline served as Trustee until her death in California

8    on March 7, 2021.  Compl. ¶ 17; Brower Decl. ¶ 8 & Ex. B.  On Jacqueline's death, Defendant

9    became successor Trustee.  Compl. ¶ 17; Brower Decl. ¶ 9.  On September 20, 2021, Defendant

10   resigned as Trustee, appointing Plaintiff as the replacement successor trustee.  Compl. ¶¶ 17-18;

11   Brower Decl. ¶ 10.

12

At the time of Jacqueline's death, the Trust held personal and real property, including real

13   property located at 5140 Glenn Court, Garden Valley, California.  Compl. ¶ 20.  On July 9, 2021,

14   Defendant, while serving as Trustee of the Trust, proposed the sale of 5140 Glenn Court to Trust

15   beneficiaries Randy Freitas and Deanna Medeiros.  *Id.* ¶ 21.  Defendant consummated the sale on

16   August 17, 2021, without notification to all trust beneficiaries, for a sale price of $370,000.00.  *Id.*

17   After applying Randy's and Deanna's trust distributions toward the sale price, on September 3,

18   2021, Defendant deposited cash payments of $116,333.34 from Randy and Deanna into the

19   Trust's financial account.  *Id.*  Plaintiff alleges the sale price fell far below the appraised value of

20   the property, resulting in a loss to the Trust and its remaining beneficiaries.  *Id.*

21

On August 15, 2024, Plaintiff filed the present complaint, alleging three causes of action:

22   (1) Duty to Turn Over Trust Property; (2) Duty to Account Upon Change of Trustee; and (3)

23   Breach of Fiduciary Duties.  *Id.* ¶¶ 26-35.  Plaintiff alleges diversity jurisdiction exits pursuant to

24   28 U.S.C. ¶ 1332.  *Id.* ¶ 9.  When Plaintiff filed the present complaint, the trust assets remaining

25   were valued at $145,162.18, less than the $360,666.67 owed to the remaining trust beneficiaries.

26   *Id.* ¶ 24.

27

Defendant filed the present motion on June 3, 2025, arguing there is no diversity

28   jurisdiction because Plaintiff's citizenship is determined by the Trust, which was established in

California.

### III.   LEGAL STANDARD

Federal district courts are courts of limited jurisdiction: "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted).   Accordingly, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*; *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to move to dismiss a lawsuit for lack of subject matter jurisdiction.  A jurisdictional challenge may be facial or factual.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  Where the attack is facial, the court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction.  *Warth v. Seldin*, 422 U.S. 490, 501 (1975).  Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039.  In resolving a factual dispute as to the existence of subject matter jurisdiction, a court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment.  *Id.*; *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (holding that a court "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction").

Dismissal of a complaint without leave to amend should only be granted where the jurisdictional defect cannot be cured by amendment. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### IV.   DISCUSSION

Plaintiff alleges subject matter jurisdiction based on diversity of citizenship, as she is a citizen of Maryland and Defendant is a citizen of California.  Compl. ¶ 9.  A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . .

1   and is between citizens of different states, or citizens of a State and citizens or subjects of a

2   foreign state." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989).

3          Defendant does not dispute the amount in controversy or that Plaintiff herself is a citizen of

4   Maryland.  He argues "Plaintiff, as the legal representative of the estate of two deceased California

5   residents, is a citizen of California under 28 U.S. Code § 1332(c)(2), and as a matter of law, there

6   is no diversity with Defendant, a California citizen."  Mot. at 3.  It is true that for diversity

7   purposes, "the legal representative of the estate of a decedent shall be deemed to be a citizen only

8   of the same State as the decedent."  28 U.S.C. § 1332(c)(2).  Thus, if Plaintiff is the Trust's legal

9   representative, the relevant inquiry for jurisdictional purposes would be Jacqueline's state of

10  citizenship.  *See Great Am. Life Ins. Co. v. Kreis*, 2013 WL 12149175, at *1 (C.D. Cal. Nov. 5,

11  2013) ("B]ecause the Executor is being sued in his capacity as the representative of the Estate of

12  Polly Kessen, the relevant issue is the decedent's state of citizenship.").

13         However, Plaintiff is not the "legal representative of the estate of a decedent," but rather

14  the trustee of an express traditional trust.  The Supreme Court has explained that a traditional trust

15  is not a juridical entity, but a fiduciary relationship that cannot sue or be sued.  *Americold Realty*

16  *Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016).  As such, "legal proceedings involving a

17  trust [a]re brought by or against the trustees in their own name.  And when a trustee files a lawsuit

18  or is sued in her own name, her citizenship is all that matters for diversity purposes."  *Id.* (citation

19  omitted); *see id.* at 382–83 ("[W]hen a trustee files a lawsuit in *her* name, her jurisdictional

20  citizenship is the State to which she belongs—as is true of any natural person.") (emphasis in

21  original); *Navarro Savings Association v. Lee*, 446 U.S. 458, 465–66 (1980) (when a trustee sues

22  or is sued on behalf of a trust, the citizenship of the trust is based on that of the trustee alone);

23  *Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1228 (9th Cir. 2019) (same).  In such cases,

24  trustees may invoke diversity jurisdiction based on their own citizenship.  *Navarro Savings Ass'n.*,

25  446 U.S. at 465–66.

26         In *Navarro*, eight individual trustees of a trust organized under Massachusetts law sued a

27  savings association in federal court on a breach of contract claim.  *Id.* at 459.  The citizenship of

28  the trustees differed from that of the savings association, but some of the trust's beneficiaries were

United States District Court
Northern District of California

citizens of the same state as the savings association. *Id*. at 460. Because the trustees who initiated the lawsuit "possesse[d] certain customary powers to hold, manage, and dispose of" trust properties, the trustees were permitted "to sue in their own right, without regard to the citizenship of the trust beneficiaries." *Id*. at 464–66.

Here, too, Plaintiff has the authority to hold, manage and dispose of assets of the Trust for the benefit of the beneficiaries of the Trust. *See* Compl., Ex. A (Trust), Article Eight ("The trustees shall have the full power to sell encumber, convey, exchange, invest, reinvest, partition, divide, improve, and repair the property constituting the trust estate . . ."). Accordingly, the Court finds Plaintiff is the "real party to the controversy for purposes of diversity jurisdiction" because she "possesses" the "powers to hold, manage, and dispose of assets" for the benefit of the property. *Navarro Sav. Ass'n*, 446 U.S. at 464 (holding "active trustees whose control over the assets held in their names is real and substantial" are the "real parties to the controversy," so for purposes of diversity jurisdiction courts can disregard "the citizenship of the trust beneficiaries" and focus only on the trustees' citizenship); *Zebley v. Heartland Indus. of Dawson, Inc.*, 625 F.3d 449, 455 (8th Cir. 2010) (affirming district court's denial of motion to dismiss where plaintiff sued "in her capacity as trustee for Fallon's heirs" and not as "the legal representative of [Fallon's] estate."). In his reply, Defendant argues the Trust in this case "is neither a business trust nor a traditional trust. It is a revocable 'living' trust." Reply at 2-3. But he provides no authority (other than a website discussing the benefits of establishing a trust as an estate planning tool) that recognizes this distinction for purposes of determining citizenship. Regardless, as a trustee with authority to hold, manage and dispose of assets of the Trust, Plaintiff is the real party for citizenship purposes. *Navarro Sav. Ass'n*, 446 U.S. at 464.

In sum, because there is no dispute that the matter in controversy exceeds $75,000, Plaintiff is a citizen of Maryland, and Defendant is a citizen of California, the Court finds it has diversity jurisdiction.

## V.    CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's motion to dismiss.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

The Court shall conduct a case management conference in this case on August 7, 2025 at 10:00 a.m. by Zoom video conference.  The webinar link and instructions are located at https://cand.uscourts.gov/judges/hixson-thomas-s-tsh/.  This conference shall be attended by lead trial counsel.  By July 31, 2025, the parties shall file a joint case management statement containing the information in the Standing Order for All Judges in the Northern District of California, available at the link above.  The Joint Case Management Statement form may be obtained at: http://cand.uscourts.gov/civilforms.

**IT IS SO ORDERED.**

Dated: July 16, 2025

THOMAS S. HIXSON
United States Magistrate Judge