UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JO ANN HOEPPNER-CRUZ,<br>Plaintiff,<br>v.<br>ROBERT W BROWER,<br>Defendant. | Case No. 24-cv-05170-TSH<br><br>**ORDER RE COUNSEL OF RECORD FOR PLAINTIFF** |

Plaintiff Jo Ann Hoeppner-Cruz, in her capacity as the Trustee of The Anthony J. Freitas and Jacqueline Hoeppner-Freitas 1997 Revocable Trust, brings this case under California Probate Code section 17200 against Defendant Robert Brower related to the sale of property under the Trust. ECF No. 1. The case is scheduled for jury trial on January 20, 2026. ECF No. 44.

On November 25, 2025, Hoeppner-Cruz filed an *Ex Parte* Motion to Continue Trial Date and Pre-Trial Dates, "requesting that the Court continue the trial currently scheduled for January 20, 2026 to allow [Hoeppner-Cruz] time to retain substitute counsel in the matter."[1] ECF No. 61. The Court appreciates that Hoeppner-Cruz's counsel, Thomas Dwayne Reid, informed the Court of his circumstances; however, Mr. Reid is still the attorney of record for this case. To date, Mr. Reid has failed to comply with at least three court orders: a standing order for settlement conference, an order for supplemental briefing, and an order to show cause.[2] *See* ECF Nos. 46 (order scheduling settlement conference for 11/19/2025), 56 (order requiring supplemental

---

[1] On November 30, 2025, Brower filed an Opposition to Hoeppner-Cruz's *ex parte* motion, requesting that the Court deny the motion without prejudice. ECF No. 64.

[2] Brower states that settlement conference statements were due on November 12, 2025, and that Hoeppner-Cruz did not send or serve a statement by the due date. ECF No. 64 at 3. The settlement conference was vacated on November 18, 2025. ECF No. 59.

briefing by 11/21/2025), 60 (order to show cause requiring response by 12/1/2025). The parties and the Court cannot continue in limbo while Mr. Reid lurks in the background.

Mr. Reid therefore has two choices. He can file a motion to withdraw as counsel from this case. *See* Civ. L.R. 11-5 (discussing attorney withdrawal from case); *Deal v. Countrywide Home Loans*, No. C-09-01643-SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010) ("The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record so long as he or she (1) provides written notice to the client and all other parties in the action and (2) obtains leave of the court."). Or he can fulfill his duty as Hoeppner-Cruz's attorney and diligently represent her in this case. *See* Cal. R. Pro. Cond. Rule 1.3 (requiring lawyer "to act with reasonable diligence in representing a client" which includes not "unduly delay[ing] a legal matter entrusted to the lawyer"). But he must do one of those.

Accordingly, the Court **ORDERS** Mr. Reid to either file a motion to withdraw with the Court or respond to the Court's previous orders at ECF Nos. 56 and 60 by December 5, 2025.

<u>Notice is hereby provided that failure to file either a motion to withdraw or a written response will be deemed an admission that you do not intend to prosecute, and this case will likely be dismissed. Thus, it is imperative the Court receive a motion to withdraw or a written response by the deadline above.</u>

The Court hereby **ORDERS** Mr. Reid to provide a copy of this order to Hoeppner-Cruz and file an attestation to that effect no later than December 5, 2025. Additionally, should Mr. Reid file a motion to withdraw, he shall provide a copy of that motion to Hoeppner-Cruz and file an attestation to that effect no later than December 5, 2025.

Considering the foregoing, the Court **VACATES** the pretrial conference on December 4, 2025.

**IT IS SO ORDERED.**

Dated: December 2, 2025

THOMAS S. HIXSON
United States Magistrate Judge

2