UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JO ANN HOEPPNER-CRUZ,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT W BROWER,<br><br>    Defendant. | Case No. 24-cv-05170-TSH<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL WITH CONDITIONS; DISCHARGING ORDER TO SHOW CAUSE; DENYING AS MOOT *EX PARTE* MOTION TO CONTINUE**<br><br>Re: Dkt. Nos. 60, 61, 66 |

## I. INTRODUCTION

Plaintiff Jo Ann Hoeppner-Cruz, in her capacity as the Trustee of The Anthony J. Freitas and Jacqueline Hoeppner-Freitas 1997 Revocable Trust, brings this case under California Probate Code section 17200 against Defendant Robert Brower related to the sale of property under the Trust. ECF No. 1. The case is scheduled for jury trial on January 20, 2026. ECF No. 44.

On December 4, 2025, Thomas Dwayne Reid filed a Motion to Withdraw as Counsel for Hoeppner-Cruz. ECF No. 66. The Court finds this matter suitable for disposition without oral argument and **VACATES** the January 15, 2026, hearing. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court **GRANTS** the motion to withdraw and **VACATES** all pending dates in this case. The jury trial in this case is **STAYED** pending further order of the Court. In addition, the Court **DISCHARGES** the show cause order at ECF No. 60 and **DENIES** as moot Hoeppner-Cruz's *Ex Parte* Motion at ECF No. 61.[1]

## II. BACKGROUND

Hoeppner-Cruz filed this case on August 15, 2024, alleging that Brower breached his

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 12, 16.

1  fiduciary duty when he served as trustee for the Trust. ECF No. 1. The case is scheduled for jury
2  trial on January 20, 2026. ECF No. 44.
3         On November 12, 2025, the Court ordered supplemental briefing addressing whether the
4  probate exception applies to each of the claims in this case. ECF No. 56. Brower filed a brief on
5  November 14, 2025. ECF No. 57. Because Hoeppner-Cruz failed to file a response in compliance
6  with the Court's order at ECF No. 56, the Court issued an order to show cause on November 24,
7  2025, directing Hoeppner-Cruz to file a response by December 1, 2025. *See* ECF No. 60.
8         On November 25, 2025, Hoeppner-Cruz filed an *Ex Parte* Motion to Continue Trial Date
9  and Pre-Trial Dates, "requesting that the Court continue the trial currently scheduled for January
10 20, 2026 to allow [Hoeppner-Cruz] time to retain substitute counsel in the matter."[2] ECF No. 61.
11 On December 2, 2025, the Court issued an order addressing Hoeppner-Cruz's counsel of record,
12 explaining that Reid had failed to comply with the Court's order for supplemental briefing and its
13 order to show cause. ECF No. 65. The Court ordered Reid to respond by December 5, 2025. *Id.*
14        On December 4, 2025, Reid filed the instant Motion to Withdraw as Counsel, on the
15 ground that he is forced to close his law practice due to financial hardship. ECF No. 66. Reid
16 notified Hoeppner-Cruz of his inability to continue representing her on November 15, 2025. *See*
17 Declaration of Thomas D. Reid at 2 ("Reid Decl.") (ECF No. 66-1). Hoeppner-Cruz consents to
18 the withdrawal. *See* Consent to Withdrawal of Attorney (ECF No. 66-2). And Brower responds
19 that he does not oppose the request. ECF No. 67.[3]

### III. LEGAL STANDARD

21        The Local Rules provide that "[c]ounsel may not withdraw from an action until relieved by
22 order of Court after written notice has been provided, reasonably in advance, to the client and to
23 all other parties who have appeared in the case." Civ. L.R. 11-5(a). The decision to permit
24 counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560

---

[2] On November 30, 2025, Brower filed an Opposition to Hoeppner-Cruz's *ex parte* motion, requesting that the Court deny the motion without prejudice. ECF No. 64.

[3] Brower requests "that the motion be granted and entered nunc pro tunc to November 15, 2025, the date of plaintiff counsel's disengagement letter." ECF No. 67. The Court declines to issue a retroactive order granting Reid's motion to withdraw.

1  F.3d 1107, 1113 (9th Cir. 2009).  When addressing a motion to withdraw, the consent of the client

2  is not dispositive.  *Robinson v. Delgado*, No. CV02-1538 NJV, 2010 WL 3259384, at *2 (N.D.

3  Cal. Aug. 18, 2010).  Rather, the court must consider factors such as the reason counsel seeks to

4  withdraw, the possible prejudice caused to the litigants, and the extent to which withdrawal may

5  delay resolution of the case.  *Id.*

6        Additionally, the Local Rules mandate compliance with the standards of professional

7  conduct required of members of the State Bar of California.  Civ. L.R. 11-4(a)(1); *see also Nehad*

8  *v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct

9  to attorney withdrawal).  Counsel must take steps to avoid reasonably foreseeable prejudice to the

10  rights of the client, including giving sufficient notice to the client to allow time for employment of

11  other counsel, complying with Rule of Professional Conduct 1.16(e) (regarding the return of all

12  client materials and property), and complying with all other applicable laws and rules.  *El Hage v.*

13  *U.S. Sec. Assocs., Inc.*, No. C06-7828-THE, 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10, 2007).

### IV.   DISCUSSION

15        Based on the record in this case, the Court finds withdrawal is appropriate.  California Rule

16  of Professional Conduct 1.16 provides several enumerated grounds pursuant to which counsel may

17  properly seek to withdraw from a representation, including where "the client knowingly and freely

18  assents to termination of the representation," and where "the lawyer believes in good faith, in a

19  proceeding pending before a tribunal, that the tribunal will find the existence of other good cause

20  for withdrawal."  Here, Reid states that he cannot adequately represent Hoeppner-Cruz because he

21  must close his law practice as his office has suffered significant financial loss and his practice is

22  financially insolvent.  Reid Decl. ¶¶ 4–6.  Because of this financial hardship, Reid's malpractice

23  insurance was canceled due to nonpayment—this "caused an urgent need to cease practice on

24  existing matters."  *Id.* at ¶ 5.  Reid notified Hoeppner-Cruz on November 15, 2025, and Brower on

25  November 17, 2025, that he could no longer represent Hoeppner-Cruz in this matter.  *Id.* at ¶¶ 7–8.

26  Hoeppner-Cruz consents to the withdrawal.  *See* ECF No. 66-2.  The Court finds that Reid's

27  practice closure and financial insolvency, along with Hoeppner-Cruz's consent, provides good

28  cause to permit Reid's withdrawal from this case.  *See Sotanski v. HSBC Bank USA, Nat'l Ass'n*,

1  No. 15-cv-01489-LHK, 2015 WL 4760506, at *8 (N.D. Cal. Aug. 12, 2015) (granting motion to
2  withdraw where "[firm] ceased operations, effectively terminating [counsel's] employment and
3  rendering [counsel] financially unable to continue to represent [client]"); *Bumb v. Gobin*, No. 25-
4  cv-04729-SVK, 2025 WL 3128196, at *1 (N.D. Cal. Nov. 7, 2025) (citing Cal. R. Prof. Conduct
5  1.16(b)(6)) (explaining client consent "weighs in favor of granting withdrawal").

In addition, the Court finds Reid has complied with the requirements of Civil Local Rule 11-5(a) and the California Rules of Professional Conduct because Reid provided reasonable advance notice to Hoeppner-Cruz and Brower of his intention to withdraw as counsel of record and provided Hoeppner-Cruz time to obtain substitute counsel. *See* ECF No. 66. Therefore, based on this record, the Court finds good cause exists to permit Reid's withdrawal.

However, under the Local Rules, entities can only appear through licensed counsel. *See* Civ. L.R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."); *see C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697–98 (9th Cir. 1987) (holding trustee cannot present arguments *pro se* on behalf of trust in federal court). Under California law, a non-attorney trustee cannot represent a trust in a nonprobate general civil suit. *Aulisio v. Bancroft*, 230 Cal. App. 4th 1516, 1523 (2014); *see Ziegler v. Nickel*, 64 Cal. App. 4th 545, 549 (1998) ("A non-attorney trustee who represents the trust in court is representing and affecting the interests of the beneficiary and is thus engaged in the unauthorized practice of law."). There is no information before the Court indicating that Hoeppner-Cruz is an attorney. Accordingly, based on the present record, it appears she cannot represent the Trust in this case. The Court therefore grants Reid's motion to withdraw on the condition that he remain counsel of record pursuant to Civil Local Rule 11-5(b) to serve all filed documents on Hoeppner-Cruz until substitute counsel appears on her behalf.

Hoeppner-Cruz must file a notice of appearance by new counsel or status report indicating that she has not found counsel by January 15, 2026. Hoeppner-Cruz is advised that failure to retain substitute counsel could result in dismissal of the case. *Cf. Emp. Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) (affirming entry of default judgment where corporate defendant failed to obtain substitute counsel).

4

## V.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Reid's Motion to Withdraw as Counsel for Hoeppner-Cruz, **VACATES** all pending dates in this case, **STAYS** the jury trial in this case, **DISCHARGES** the show cause order at ECF No. 60, and **DENIES** as moot Hoeppner-Cruz's *Ex Parte* Motion at ECF No. 61.

Because no substitution of counsel has been filed on Hoeppner-Cruz's behalf, the motion to withdraw is granted on the condition that Reid remain counsel of record to serve all filed documents on Hoeppner-Cruz until a substitution of counsel is filed.  *See* Civ. L.R. 11-5(b).  For all such documents, Reid shall e-file proof of service within three business days of filing.  Because a non-attorney trustee may not appear on behalf of a trust except by counsel, Hoeppner-Cruz has until January 15, 2026, to find substitute counsel.  Hoeppner-Cruz is advised that failure to retain substitute counsel could result in dismissal of the case.  The Court **ORDERS** Hoeppner-Cruz to file a notice of appearance by new counsel or status report indicating that she has not found counsel by January 15, 2026.

The Court **ORDERS** Reid to provide a copy of this order to Hoeppner-Cruz and file an attestation to that effect no later than December 22, 2025.

**IT IS SO ORDERED.**

Dated: December 17, 2025

THOMAS S. HIXSON
United States Magistrate Judge