UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JO ANN HOEPPNER-CRUZ,

Plaintiff,

v.

ROBERT W BROWER,

Defendant.

Case No. 24-cv-05170-TSH

**ORDER RE: MOTION TO EXTEND TIME**

Re: Dkt. No. 71

Plaintiff Jo Ann Hoeppner-Cruz, in her capacity as the Trustee of The Anthony J. Freitas and Jacqueline Hoeppner-Freitas 1997 Revocable Trust, brings this case under California Probate Code section 17200 against Defendant Robert Brower related to the sale of property under the Trust. ECF No. 1.[1]

On December 17, 2025, the Court granted Thomas Dwayne Reid's motion to withdraw as counsel for Hoeppner-Cruz. ECF No. 68. The Court ordered Hoeppner-Cruz to file a notice of appearance by new counsel or status report indicating that she has not found counsel by January 15, 2026. *Id.* On January 14, 2026, Hoeppner-Cruz filed a status report stating that she has been unable to retain an attorney to represent her in this matter. ECF No. 70. On January 15, 2026, Hoeppner-Cruz filed the instant Motion to Extend Time. ECF No. 71. Hoeppner-Cruz states that she began looking for a new lawyer in November 2025, requests the Court extend the time "to secure new counsel in this case," and states she does "not want the case to be dismissed." *Id.* She attaches a list of lawyers that she has contacted to date. *Id.* Brower did not file a response to the Motion to Extend Time. *See* Civ. L.R. 7-11(b) (explaining response to administrative motion

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 12, 16.

"must be filed no later than 4 days after the motion has been filed").

The Court **GRANTS** Hoeppner-Cruz's Motion to Extend Time. The Court **ORDERS** Hoeppner-Cruz to file a notice of appearance by new counsel or status report indicating that she has not found counsel by February 19, 2026.

Hoeppner-Cruz is reminded that under California law, a non-attorney trustee cannot represent a trust in a nonprobate general civil suit. *Aulisio v. Bancroft*, 230 Cal. App. 4th 1516, 1523 (2014); *see Ziegler v. Nickel*, 64 Cal. App. 4th 545, 549 (1998) ("A non-attorney trustee who represents the trust in court is representing and affecting the interests of the beneficiary and is thus engaged in the unauthorized practice of law."). Hoeppner-Cruz is again advised that failure to retain substitute counsel could result in dismissal of the case. *Cf. Brignac v. Yelp Inc.*, No. 19-cv-01188-EMC, 2019 WL 5268898, at *7 (N.D. Cal. Oct. 17, 2019) (dismissing claim "for lack of standing and failure to comply with Civil Local Rule 3-9(b)" where non-attorney brought claim on behalf of a corporation); *Emp. Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) (affirming entry of default judgment where corporate defendant failed to obtain substitute counsel).

The Court **ORDERS** Reid to provide a copy of this order to Hoeppner-Cruz and file an attestation to that effect no later than January 28, 2026.

**IT IS SO ORDERED.**

Dated: January 26, 2026

_____
THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

2