UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JO ANN HOEPPNER-CRUZ,

          Plaintiff,

    v.

ROBERT W BROWER,

          Defendant.

Case No. 24-cv-05170-TSH

**ORDER RE:  PROBATE EXCEPTION**

## I.    INTRODUCTION

Plaintiff Jo Ann Hoeppner-Cruz, in her capacity as the Trustee of The Anthony J. Freitas and Jacqueline Hoeppner-Freitas 1997 Revocable Trust, brings this case under California Probate Code section 17200 against Defendant Robert Brower related to the sale of property under the Trust.  ECF No. 1.  Before Hoeppner-Cruz's former counsel withdrew from this case, the Court ordered briefing on Brower's probate exception argument, and that matter has now been fully briefed.  ECF No. 56.  For the reasons stated below, the Court concludes that the probate exception bars all of Hoeppner-Cruz's claims and requested relief.[1]

## II.    BACKGROUND

### A.    Factual Background

Hoeppner-Cruz, a resident of Maryland, is the Trustee of The Anthony J. Freitas and Jacqueline Hoeppner-Freitas 1997 Revocable Trust (the "Trust").  Compl. ¶¶ 2–3 (ECF No. 1).  Brower, an attorney who resides in California, served as Trustee of the Trust from March 7, 2021, through September 20, 2021.  *Id.* ¶¶ 5–6, 34; Answer ¶¶ 5–6, 34 (ECF No. 10).

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF Nos. 12, 16.

Overall, Hoeppner-Cruz alleges that Brower "failed to return Trust property, account to beneficiaries, and wasted Trust assets, justifying a surcharge against" Brower. Compl. ¶ 1.

### 1.    Background On The Trust

On April 12, 1997, Anthony Freitas ("Anthony") and his wife Jacqueline Hoeppner-Freitas ("Jacqueline") established the Trust, under which they were Co-Trustees of the Trust. *Id.* ¶ 14; Answer ¶ 14; *see* Compl., Ex. A (Original Trust Document) (ECF No. 1 at 10). On April 20, 2007, they executed the First Amendment to the Trust. Compl. ¶ 15; Answer ¶ 15; *see* Compl., Ex. B (First Amendment to Trust) (ECF No. 1 at 33).

Anthony died on November 28, 2013, leaving Jacqueline as sole Trustee. Compl. ¶ 16; Answer ¶ 16. Under the Trust, Jacqueline was permitted to serve as sole Trustee until her death on March 7, 2021. Compl. ¶ 17, Ex. A at 14; Answer ¶ 17. On Jacqueline's death, Brower became successor Trustee. Compl. ¶ 17; Answer ¶ 17. On September 20, 2021, Brower resigned as Trustee, appointing Hoeppner-Cruz as the replacement successor Trustee. Compl. ¶¶ 17–18; Answer ¶¶ 17–18.

The Trust has several beneficiaries. The "Freitas Beneficiaries" consist of Randy Freitas, Deanna Medeiros, and Anthony Freitas, Jr. Compl. ¶ 21; Answer ¶ 21. The "Hoeppner Beneficiaries" consist of James Hoeppner, Judy Hoeppner Olson, Jo Ann Hoeppner-Cruz, and John Hoeppner. *Id.* Brower is also named as a beneficiary in the Trust Document. *E.g.,* Compl., Ex. A at 8.

At the time of Jacqueline's death, the Trust held personal and real property, including

> a Kona Coast Timeshare, Separate Property Stock, a membership interest in Hoeppner Lake Home, LLC, a Wisconsin Limited Liability Company owning a Rusk County, Wisconsin lake property, two Ameriprise Accounts totaling $175,000.00, and Real property located at 5140 Glenn Court, Garden Valley, California.

Compl. ¶ 20; Answer ¶ 20.

The Trust Document contains a provision titled, "Broad powers of distribution," that states:

> When the trustees must divide any trust property into shares for the purpose of distribution or otherwise, the trustees may, in the trustees' discretion, make the division and distribution in undivided interest, in

2

> kind, or partly in kind and partly in money, prorata or nonprorata, at reasonable valuations determined by the trustee in the trustees' absolute discretion. The trustees may make sales of the trust property that the trustees consider necessary to accommodate such distributions.

Compl., Ex. A at 9. Another provision titled, "Trustees' Powers," states, in part:

> The trustees shall have the full power to sell, encumber, convey, exchange, invest, reinvest, partition, divide, improve, and repair the property constituting the trust estate from time to time, and the trustees shall have all powers conferred on the trustees by law and all powers contained in California Probate Code sections 16200–16249 and any successor statutes.

*Id.* at 10.

### 2. Hoeppner-Cruz's Allegations

Hoeppner-Cruz alleges the following in the Complaint. On July 9, 2021, Brower, while serving as Trustee of the Trust, proposed the sale of 5140 Glenn Court (the "Glenn Court Property") to Trust Beneficiaries Randy Freitas and Deanna Medeiros. Compl. ¶ 21. Brower consummated the sale on August 17, 2021, without notification to all Trust Beneficiaries, for a sale price of $370,000.00. *Id.* After applying Randy's and Deanna's Trust distributions toward the sale price, on September 3, 2021, Brower deposited cash payments of $116,333.34 from Randy and Deanna into the Trust's financial account. *Id.* The sale price fell far below the appraised value of the property, resulting in a loss to the Trust and its remaining Beneficiaries. *Id.*

When Hoeppner-Cruz filed the Complaint, the Trust assets remaining were valued at $145,162.18, less than the $360,666.67 owed to the remaining Trust Beneficiaries. *Id.* ¶ 24. The difference results from Brower's sale of the Glenn Court Property during his term as Trustee. *Id.* Thus, Hoeppner-Cruz seeks damages from Brower "in the amount of $215,504.49 plus an amount to be proven at trial for the current successor trustee and for attorney fees incurred in pursuing damages resulting from Brower's breach of duty." *Id.* ¶ 25.

In addition, while serving as Trustee, Brower "refused to pay the Trust's tax preparer the amount of $1,315.00 for preparing the Trust's 2020 tax returns"; instead, the Hoeppner Beneficiaries "tendered payment in full from their own personal financial accounts." *Id.* ¶ 22. And Brower's failure to produce a record of all Jacqueline's assets and personal property resulted

3

in a $3,268.76 loss to the Trust. *Id.* ¶ 23.

Upon Brower's resignation as Trustee,

> he failed to transfer to [Hoeppner-Cruz] Jacqueline's tax documents, including but not limited to, tax documents regarding her two Vanguard IRAs, financial statements for her USAA checking, savings and Mutual Fund accounts, and credit card debt cancellation from Citibank, Anthony's death certificate, the closing documents for the [Glenn Court Property] sale, and one Hank Aaron collectible baseball card that was designated for a specific beneficiary.

*Id.* ¶ 27. Because these items are property of the Trust, Brower "had a fiduciary obligation to transfer the property to [Hoeppner-Cruz] upon his resignation." *Id.* Brower also "never provided [Hoeppner-Cruz] with a compliant accounting of the Trust property," in violation of California Probate Code § 16062. *Id.* ¶¶ 30, 32.

Finally, Brower breached his fiduciary duty to the Trust by the following acts:

> A. Failing to administer the Trust according to the terms of the trust instrument by distributing Trust assets in violation of the Trust Agreement (California Probate Code § 16000);
>
> B. Failing to treat all Trust beneficiaries impartially when a trust has two or more beneficiaries by favoring some Trust beneficiaries over others (California Probate Code § 16003);
>
> C. Failing to take reasonable steps under the circumstances to take and keep control of and to preserve the trust property by selling the Trust's real property to some beneficiaries for a value far below the real property's appraised value (California Probate Code § 16006); and,
>
> D. Failing to apply the full extent of the trustee's skills by failing to use his legal knowledge to obtain legal counsel in the area of Trust and Estate Law and subsequently committing breaches of trust in an area of law in which he does not practice (California Probate Code § 16014).

*Id.* ¶ 34. Pursuant to California Probate Code § 16420, the Trust "is entitled to compensatory damages and injunctive relief" due to Brower's breach of fiduciary duties. *Id.* ¶ 35.

**B.    Procedural Background**

On August 15, 2024, Hoeppner-Cruz filed this action against Brower and Does 1–10, alleging three causes of action: (1) Duty to Turn Over Trust Property; (2) Duty to Account Upon Change of Trustee; and (3) Breach of Fiduciary Duties. ECF No. 1 ("Compl.") ¶¶ 26–35. Hoeppner-Cruz alleges diversity jurisdiction exits pursuant to 28 U.S.C. § 1332. *Id.* ¶ 9.

4

Hoeppner-Cruz requests the Court (1) order Brower to transfer to Hoeppner-Cruz "all financial and tax documents still in his possession, including but not limited to, [Jacqueline's] two Vanguard IRAs, financial statements for her USAA accounts, all closing documents for the real property sale, and the Trust's collectible Hank Aaron baseball card, and Anthony J. Freitas' certified death certificate"; (2) order Brower "to provide [Hoeppner-Cruz] with an accounting of the Trust in the format required by Probate Code section 16063 for the periods between March 7, 2021 and September 20, 2021"; and (3) "[a]ward the Trust monetary damages, including compensatory damages, trustee fees, and attorneys fees, for injuries sustained by [Brower's] breach of fiduciary duties." *Id.* at 8.

On August 23, 2024, Brower filed an Answer. ECF No. 10 ("Answer"). In his Answer, Brower alleges that the Court lacks "subject matter jurisdiction for some of the claims in [Hoeppner-Cruz's] Complaint under the probate exception, but that one of the claims may fall within the exception to the probate exception." *Id.* ¶ 9. Brower filed a motion to dismiss on June 3, 2025, on the ground that the Court lacked subject matter jurisdiction due to the absence of complete diversity between the parties. ECF No. 29. The Court denied the motion on July 16, 2025. ECF No. 34.

The parties submitted their pretrial filings on November 6, 2025. *See* ECF Nos. 47–55. In his Trial Brief, Brower argues that the probate exception may apply to some of the clams in this case. ECF No. 53 ("Def.'s Tr. Br.") at 15. On November 12, 2025, the Court ordered supplemental briefing addressing whether the probate exception applies in this case. ECF No. 56. On November 14, 2025, Brower filed a Supplemental Brief. ECF No. 57 ("Def.'s Supp. Br."); *see also* ECF No. 58 (Errata). Hoeppner-Cruz's former counsel withdrew on December 17, 2025, without filing a response to Brower's Supplemental Brief. ECF No. 68. On April 17, 2026, Hoeppner-Cruz filed an Opposition to Brower's Supplemental Brief through new counsel. ECF No. 81 ("Opp."). On April 29, 2026, Brower filed a Reply. ECF No. 82 ("Reply").

### III.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

United States District Court
Northern District of California

(1994) (cleaned up). As such, they "have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *see Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"); *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) ("Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists.") (cleaned up).

"To adjudicate a case, a federal court must ensure that both constitutional and statutory jurisdiction are satisfied." *Faulk v. JELD-WEN, Inc.*, 159 F.4th 618, 621 (9th Cir. 2025). The latter requirement is known as "subject matter jurisdiction." *Id.* There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different States," or "citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332(a)(1)–(2).

"[O]bjections to subject matter jurisdiction may be raised at any time, even by a party that once conceded the tribunal's subject-matter jurisdiction over the controversy." *Rainero v. Archon Corp.*, 844 F.3d 832, 841 (9th Cir. 2016) (cleaned up). Where a plaintiff's allegations "are insufficient on their face to invoke federal jurisdiction," a court may dismiss the claims for lack of federal jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

## IV.    DISCUSSION

Brower argues that "the probate exception may apply to some or all of claims in this case" because the claims involve "an administration of an estate." Def.'s Tr. Br. at 15. Hoeppner-Cruz responds that none of her claims are barred by the probate exception. Opp. at 2.

The Supreme Court has recognized a "probate exception" to otherwise proper federal

6

United States District Court
Northern District of California

jurisdiction. *Marshall v. Marshall*, 547 U.S. 293, 308 (2006). "[T]he probate exception prevents a federal court from probating a will, administering a decedent's estate, or disposing of property in the custody of a state probate court." *Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1252 (9th Cir. 2017). "But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Marshall*, 547 U.S. at 312. The probate exception is not restricted to wills—it also applies to will substitutes like living trusts. *See Waller v. Rogers*, No. 23-cv-00808-VC, 2023 WL 5180344, at *1 (N.D. Cal. Aug. 11, 2023) ("The fact that this dispute concerns a trust, and not a will, does not change things."); *Cagle v. Sattler*, No. 3:23-cv-01413-AN, 2024 WL 2834063, at *2 (D. Or. June 3, 2024) (explaining probate exception applies to *inter vivos* trusts); *Olteanu v. Gonzales*, No. 24-cv-02347-JSC, 2024 WL 4642875, at *7 (N.D. Cal. Oct. 30, 2024) ("Courts have previously found that the probate exception applies to trusts that are substitutes for wills."); *Chabot v. Chabot*, No. 4:11-cv-217-BLW, 2011 WL 5520927, at *4 (D. Idaho Nov. 14, 2011) ("[T]he Court concludes that *Marshall* implicitly held that the probate exception analysis applies to trusts that act as will substitutes.").

In determining whether the probate exception deprives a court of jurisdiction, a plaintiff's claims are not dispositive. Courts must also analyze whether a plaintiff's requested relief requires the court to administer a decedent's estate. *See Morin v. Blevins*, No. CV-F-07-1061-AWI(TAG), 2007 WL 4557108, at *3 (E.D. Cal. Dec. 21, 2007) ("[T]he first question the court must answer is whether Plaintiff's requested relief requires the court to administer an estate."); *Olteanu*, 2024 WL 4642875, at *8 (concluding that "while the Court lacks subject matter jurisdiction to grant certain forms of relief, it retains subject matter jurisdiction of the case"); *Kibbey v. Kibbey*, No. 2:21-cv-01479-RGK-JC, 2021 WL 5798049, at *3 (C.D. Cal. Dec. 7, 2021) (holding that "because this case involves the internal affairs of a trust, and the requested relief would require the administration of a decedent's estate, the probate exception applies and this Court lacks jurisdiction").

Here, Hoeppner-Cruz avers that the Court has diversity jurisdiction under 28 U.S.C. § 1332. Compl. ¶ 9. The question is whether the probate exception to federal jurisdiction strips the

Court of otherwise proper diversity jurisdiction.[2]  The Court agrees with the parties that the dispositive issue is whether Hoeppner-Cruz asks the Court to administer the Trust, *i.e.* to administer a decedent's estate.  Def.'s Tr. Br. at 15:12–16; Opp. at 2:1–8.  According to Brower, the Court must resolve this legal issue by conducting a claim-by-claim analysis to determine if any claims belong in probate court instead of this Court.  Def.'s Tr. Br. at 15:17–18; *see also* Opp. at 3:21–6:8 (performing claim-by-claim analysis).  The Court agrees, as this approach is consistent with analyses conducted by other federal district courts.  *E.g., Waller*, 2023 WL 5180344, at *1–2. In addition to the claims, the Court analyzes whether Hoeppner-Cruz's requested relief requires the Court to administer the Trust.  *Cf. Morin*, 2007 WL 4557108, at *3.

In sum, the Court concludes that the probate exception bars the Court from adjudicating Hoeppner-Cruz's Duty To Turn Over Trust Property Claim (Claim 1), Duty To Account Upon Change Of Trustee Claim (Claim 2), and Breach of Fiduciary Duties Claim (Claim 3) because the claims require the Court to administer a decedent's estate.  Therefore, the Court **DISMISSES** Claims 1, 2, and 3 without leave to amend.

## A.    Duty To Turn Over Trust Property Claim (Claim 1)

Hoeppner-Cruz alleges that Brower failed to transfer Trust property to her upon Brower's resignation as Trustee.  Compl. ¶ 27.  For this claim, Hoeppner-Cruz seeks an order compelling a Trustee (Brower) to deliver Trust property to a Trustee (Hoeppner-Cruz).  *Id.* at 1, 8.  Brower argues that the probate exception bars the Court from administering an asset in the Trust.  Def.'s Tr. Br. at 16:1–3.  In other words, if this claim involves property of the Trust, it relates to the internal affairs of the Trust and is barred by the probate exception.  Def.'s Supp. Br. at 3:27–4:3. Hoeppner-Cruz contends that the "Court has jurisdiction to compel [Brower] to turn over Trust property."  Opp. at 3:21–4:11.

The California Probate Code sets out a list of proceedings that concern the "internal affairs

---

[2] At the outset, the Court rejects Hoeppner-Cruz's first argument that the probate exception does not apply because Brower "admits" it does not apply, given that he is not a current Trustee.  Opp. at 2:10–2:22.  Hoeppner-Cruz's entire Complaint is premised on Brower's acts as a Trustee.  *See generally* Compl.  But more importantly, even if Brower agrees that the probate exception does not apply, parties cannot agree to waive the issue of jurisdiction.  *Leeson*, 671 F.3d at 975 n.12. The Court must independently assess whether it has jurisdiction.  *Valdez*, 372 F.3d at 1116.

of a trust." Cal. Prob. Code § 17200(b).  To commence proceedings in a California probate court concerning the internal affairs of a trust, a party must file a section 17200 petition.  *Schwartz v. Labow*, 164 Cal. App. 4th 417, 427 (2008); *see* Cal. Prob. Code § 17201.  Proceedings that serve the purpose of "[i]nstructing the trustee" or "[c]ompelling redress of a breach of the trust by any available remedy" concern the internal affairs of a trust.  Cal. Prob. Code § 17200(b)(6), (12).  As do those that serve the purpose of "determining to whom property shall pass or be delivered upon final or partial termination of the trust, to the extent the determination is not made by the trust instrument" or "[s]ettling the accounts and passing upon the acts of the trustee, including the exercise of discretionary powers."  *Id.* at § 17200(b)(4), (5).

The California Probate Code also contains a section titled, "Trust Administration."  *See generally* Cal. Prob. Code § Div. 9, Pt. 4.  That section contains various provisions regarding a trustee's duties.  *See generally id.*  "A violation by the trustee of any duty that the trustee owes the beneficiary is a breach of trust."  *Id.* at § 16400.  If a trustee commits a breach of trust, a beneficiary or trustee of the trust may commence a section 17200 proceeding "[t]o compel the trustee to perform the trustee's duties."  *Id.* at §§ 16420, 17200(b)(12).

In California, a resigning trustee "who holds property of the trust shall deliver the trust property to the successor trustee or a person appointed by the court to receive the property and remains responsible for the trust property until it is delivered."  *Id.* at § 15644.

Here, the Court concludes that a request for an order compelling a former Trustee to deliver the Trust's assets is tantamount to asking the Court to administer a decedent's estate.[3] First, "[c]ourts have found that the probate exception applies to the 'internal affairs of trusts.'" *Solomon v. Ling*, No. CV-16-08216-RGK(SS), 2017 WL 8109984, at *3 (C.D. Cal. Apr. 27, 2017); *see Cavellini v. Harris*, No. 93-cv-00057-SBA(KAW), 2015 WL 6954896, at *3 (N.D. Cal. Nov. 10, 2015) ("The probate court has exclusive jurisdiction over proceedings concerning the internal affairs of trusts.").  California law classifies "instructing the trustee to take action" as an

---

[3] Brower disputes that some of the assets listed in the Complaint are Trust property.  *See* Def.'s Tr. Br. at 16:4–10; Def.'s Supp. Br. at 3:27–6:6.  Because the Court determines that the allegations in the Complaint are facially insufficient to invoke federal jurisdiction, the Court need not reach factual disputes regarding the allegations.  *Leite*, 749 F.3d at 1121.

United States District Court
Northern District of California

internal trust affair. *Cavellini*, 2015 WL 6954896, at *3 (citing Cal. Prob. Code § 17200(b)). More broadly, any proceeding to compel redress of a breach of trust by a trustee concerns internal trust affairs. Cal. Prob. Code. § 17200(b)(12). To be sure, the probate exception to federal jurisdiction cannot "rest on the ways in which California chooses to organize its [probate] code." *Goncalves*, 865 F.3d at 1253. But the fact that under California law, a California probate court has exclusive jurisdiction over instructing a trustee and redressing any breach by a trustee because they involve the internal affairs of a trust supports that compelling the transfer of trust assets to redress a trustee's breach is an act of trust administration.[4] *See Wisnovsky v. Couvrette*, No. 1:23-cv-00414-CL, 2023 WL 7404860, at *3–4 (D. Or. Nov. 9, 2023) (considering that probate court "may resolve *inter vivos* trust administration disputes after the settlor dies, including removing a trustee" in concluding "the removal of a trustee and court appointment of a trustee involves the court in the administration of the decedent's estate"). And several district courts have found that a request for an order directing the transfer of trust assets impermissibly asks the federal court to administer a decedent's estate. *See Kibbey*, 2021 WL 5798049, at *2 (concluding that relief in form of "turnover of the Trust's assets" "necessarily involves the 'administration of a decedent's estate'"); *Ledeux v. Anthony*, No. C-19-4068-SBA, 2019 WL 11555276, at *4 (N.D. Cal. Aug. 12, 2019) (concluding claims challenging distribution of trust assets were barred by probate exception); *Vaughn v. Montague*, 924 F. Supp. 2d 1256, 1269 (W.D. Wash. 2013) ("Under the probate exception, this court cannot order distribution of the trust's assets, nor declare the estate settled.").

Second, based on plain meaning, to arrange the transfer of, or manage the use of, Trust assets is to administer the Trust. *See Administer*, Black's Law Dictionary (12th ed. 2024) ("To provide or arrange (something) officially as part of one's job"); *Administer*, Merriam-Webster

---

[4] Hoeppner-Cruz makes much of the fact that Brower is not a current Trustee. *See* Opp. at 2:10–22 ("[Brower] is not a trustee in this action. He is an individual. He is thus 'outside the circle'" [so] the probate exception does not apply."). But "[s]ection 17200 does not, by its terms, limit the beneficiary's right to compel redress of a breach of trust to a petition against a *current* trustee. Nor is there any decisional authority to that effect." *Est. of Bowles*, 169 Cal. App. 4th 684, 698 (2008) (emphasis in original). Thus, that Brower is not currently serving as Trustee of the Trust has no bearing on whether the probate exception applies.

Dictionary, https://www.merriam-webster.com/dictionary/administer ("to manage or supervise the execution, use, or conduct of").  Hoeppner-Cruz asks the Court to do just that.  In short, by requesting the Court arrange the transfer of Trust assets from Brower to Hoeppner-Cruz (through compulsion of a Court order) so that Hoeppner-Cruz can use the assets, Hoeppner-Cruz asks the Court "to function as a probate court for purposes of administration of the Trust."  *Morin*, 2007 WL 4557108, at *4.  Therefore, Claim 1 is barred by the probate exception.

Moreover, Hoeppner-Cruz's allegations regarding the "Hank Aaron collectible baseball card" present another problem.  She alleges that the card is Trust property "that was designated for a specific beneficiary," and that Brower failed to transfer the card to the Trust when he resigned as Trustee.  Compl. ¶ 27.  However, the Trust Document does not direct distribution of this card.  Def.'s Tr. Br. at 16:6–7; *see generally* Compl., Exs. A, B.  And the Trust provides Brower (as a Trustee) with "absolute discretion" in distributing the Trust corpus.[5]  Compl., Ex. A at 9–10; *see Stadel*, 96 Cal. App. 5th at 294 (explaining that trust provision granting trustee absolute discretion "indicates that the judgment of the trustee, exercised in good faith, shall control") (cleaned up).  Thus, taking Hoeppner-Cruz's allegations as true, she asks the Court to pass upon Brower's discretionary distribution of a Trust asset (to himself), determine that the distribution violated the rights of a specific Beneficiary (who is not mentioned in the Trust), undo Brower's distribution of a Trust asset, and administer the distribution of that asset.  This asks too much of a district court.  Simply put, judging the propriety of a Trustee's discretionary actions and unwinding the distribution of Trust assets are acts of estate administration, forbidden under the probate exception.  *See Waller*, 2023 WL 5180344, at *1 (holding federal district court cannot unwind administration of estate by ordering return of assets that were once part of the trust corpus); *Ledeux*, 2019 WL 11555276, at *4 ("The propriety of a trustee's discretionary actions concerning the distribution

---

[5] The Court does not quarrel with Hoeppner-Cruz's proposition that the probate exception does not preclude the Court from interpreting the Trust Document.  Opp. at 6:9–22; *see In re Rens*, 633 B.R. 594, 601 (B.A.P. 9th Cir. 2021) (concluding "bankruptcy court acted within its jurisdiction in interpreting the Trust provisions").  Under California law, interpretation of a trust instrument is a question of law where the interpretation "does not turn on the credibility of extrinsic evidence or require resolution of conflicts in the evidence."  *Stadel Art Museum v. Mulvihill*, 96 Cal. App. 5th 283, 293 (2023).  The Court finds that the Trust provisions at issue can be interpreted based solely on their plain language.  *Id.*

of trust property is precisely the type of matter which is subject to the probate court's sole jurisdiction."); *United States v. Harris*, 854 F.3d 1053, 1056 (9th Cir. 2017) (explaining that under California law, "even though the trust purports to grant the trustees absolute discretion over distributions, [beneficiary] can petition the probate court to ensure that the trustees' exercise of that discretion is consistent with the trusts' purposes").

Hoeppner-Cruz's arguments that her claim does not fall within the probate exception are unavailing. First, she argues that her claim only requires the Court to "adjudicate questions which precede distribution" because she "seeks to determine what property belongs to the Trust and to compel [Brower] to return assets wrongfully transferred or withheld." Opp. at 3:21–4:11. There are multiple problems with this argument. For one, in her Complaint, Hoeppner-Cruz does not bring an action for declaratory judgment; nor does she ask the Court to "determine" the Trust's rights. *See generally* Compl. Under the Declaratory Judgment Act, a federal district court may declare the rights and other legal relations of any interested party seeking such declaration. *Argonaut Ins. Co. v. St. Francis Med. Ctr.*, 17 F.4th 1276, 1280 (9th Cir. 2021). But taking the allegations as true, the Trust owns the property Hoeppner-Cruz seeks, and no controversy exists regarding the Trust's legal right to that property. Further, by challenging the "wrongful transfer" of Trust assets by Brower, Hoeppner-Cruz acknowledges that she challenges the *distribution* of assets by Brower. She thus cannot be challenging pre-distribution actions.

Next, Hoeppner-Cruz asserts that Brower "*admits* that the probate exception does not apply to [her] first claim to compel him to deliver property to [her]." Opp. at 3:10–20 (emphasis in original). This flatly misstates Brower's contentions. Brower argues that accepting Hoeppner-Cruz's allegations as true, she asks the Court to administer assets in the Trust. Def.'s Tr. Br. at 16:1–3. Hoeppner-Cruz focuses on Brower's alternative argument: taking Brower's allegations in his Answer as true, the Court is not asked to administer Trust assets. *Id.* at 16:4–10. But because Hoeppner-Cruz's allegations are facially insufficient to invoke federal jurisdiction, the Court need not reach Brower's alternative argument. *Leite*, 749 F.3d at 1121.

Accordingly, Claim 1 must be dismissed for lack of jurisdiction.

**B.      Duty To Account Upon Change Of Trustee Claim (Claim 2)**

Hoeppner-Cruz alleges that when Brower resigned, he did not provide her with an accounting of the Trust property that complied with California Probate Code § 16062.  Compl. ¶¶ 30, 32.  For this claim, Hoeppner-Cruz seeks an order compelling Brower to provide her "with an accounting of the Trust in the format required by Probate Code section 16063 for the periods between March 7, 2021 and September 20, 2021."  *Id.* at 8.  Brower argues that this claim is barred by the probate exception because "the resigning trustee's obligation to account to the income or principal beneficiaries of a trust is an internal affair of trust administration."  Def.'s Supp. Br. at 6:7–7:6.  Hoeppner-Cruz contends that the "Court has jurisdiction to compel [Brower] to account."  Opp. at 4:12–5:8.

In California, a trustee has a duty to report information and account to beneficiaries.  *See* Cal. Prob. Code §§ 16060–16069.  A trustee must account "upon a change of trustee, to each beneficiary to whom income or principal is required or authorized in the trustee's discretion to be currently distributed."  *Id.* at § 16062(a).  The account must contain several enumerated types of information and be presented to a probate court for approval.  *Id.* at § 16063.

The California Probate Code states that proceedings that serve the purpose of compelling the trustee to account to the beneficiary concern the internal affairs of a trust.  *Id.* at § 17200(b)(7).  Pursuant to a California probate court's general power to supervise administration of trusts, it possesses the discretionary power to order a trustee's accounting.  *Christie v. Kimball*, 202 Cal. App. 4th 1407, 1413 (2012).

Here, the Court concludes that a request for an order compelling a former Trustee to provide an accounting for the Trust that complies with the California Probate Code is tantamount to asking the Court to administer a decedent's estate.  First, while not dispositive, the fact that a proceeding to compel an accounting by a trustee constitutes an internal trust affair supports that trust accounting is an act of trust administration.  *See* Cal. Prob. Code § 17200(b)(7); *cf. Morin*, 2007 WL 4557108, at *3 ("[T]he power to compel an accounting lie[s] at the heart of the probate court's jurisdiction over the administration of trusts and constitute[s] a portion of the core of the court's authority to administer trusts.").  Indeed, the statutes setting forth a trustee's duty to

United States District Court
Northern District of California

13

account are housed in the Probate Code's section titled, "Trust Administration."  *See* Cal. Prob. Code §§ 16060–16069.  And both state and federal courts have found that preparing a compliant accounting constitutes trust administration.  *See Kasperbauer v. Fairfield*, 171 Cal. App. 4th 229, 235 (2009) ("Preparing the accounting and responding to the beneficiaries' objections to that accounting are aspects of trust administration."); *accord Burns v. Burns Rhine*, No. 15-cv-02329-HRL, 2016 WL 6679807, at *3 (N.D. Cal. Nov. 14, 2016).  As such, ordering a Trustee to complete an accounting—an act of Trust administration—is equivalent to performing Trust administration.  *Cf. Morin*, 2007 WL 4557108, at *1, 4 (holding probate exception deprived court of jurisdiction to compel trustee to complete compliant accounting because the issue is "central to the administration of a trust").

Second, the plain meaning of "administer" shows that ordering a Trustee to account for Trust assets is equivalent to administering the Trust.  Hoeppner-Cruz alleges that as a Trustee, Brower had a duty to provide her with an accounting of the Trust property that complied with California Probate Code § 16062.  Compl. ¶¶ 30, 32.  Because an order compelling Brower to account would be an order arranging for Brower to complete a task required in his position as Trustee, it would put the Court in the position of administering the Trust.  *See Administer*, Black's Law Dictionary (12th ed. 2024) ("To provide or arrange (something) officially as part of one's job").

Finally, the action of supervising a compliant Trust accounting requires the Court to step into the shoes of a California probate court.  Upon filing of a section 17200 petition, a probate court reviews account records provided by the trustee and determines whether additional accounting is necessary to track trust assets.  *Christie*, 202 Cal. App. 4th at 1413.  Because accounting is part of trust administration, a trustee is entitled to recover from trust assets "fees incurred by the trustee in completing and defending the accounting."  *Kasperbauer*, 171 Cal. App. 4th at 234–36.  So to grant Hoeppner-Cruz the relief she seeks, the Court would need to review Brower's account records provided as Trustee, inquire into the distribution of Trust assets, order Brower to complete additional accounting in a way that complies with the California Probate Code, review that additional accounting, and order the Trust to use Trust assets to compensate

United States District Court
Northern District of California

14

Brower. Again, a federal court cannot pass upon the discretionary acts of a Trustee. *Ledeux*, 2019 WL 11555276, at \*4. Further, the order Hoeppner-Cruz seeks would require the Court to instruct two Trustees on aspects of Trust administration: Brower to complete an accounting and Hoeppner-Cruz to pay Brower for the accounting using Trust assets. Therefore, Claim 2 is barred by the probate exception.

Hoeppner-Cruz's arguments to the contrary are unpersuasive. She argues that the probate exception does not apply because she "seeks only to adjudicate questions that precede distribution," such as "adjudicating the Trust's rights in its assets." Opp. at 4:12–5:8. But as discussed, Hoeppner-Cruz does not allege a dispute exists regarding the Trust's rights to assets, and Brower's distribution of assets has already occurred. To that end, Hoeppner-Cruz's assertion that she merely seeks to compel Brower "to render a complete and compliant accounting of Trust assets, including those allegedly withheld, mismanaged, or not properly returned to the Trust" does not move the needle. *Id.* This request plainly is not one that concerns pre-distribution as it seeks to challenge Brower's distribution of Trust assets. Finally, Hoeppner-Cruz's cited cases are inapposite. *See* Opp. at 3:1–9, 4:12–5:8 (citing *Chabot*, 2011 WL 5520927; *Wisecarver v. Moore*, 489 F.3d 747 (6th Cir. 2007)). *Chabot* did not involve California probate law. *See Chabot*, 2011 WL 5520927, at \*6–7 (analyzing Idaho state law); Reply at 4:13–5:14. More importantly, in contrast to this case, *Chabot* involved claims regarding a trustee's actions *prior to* the surviving settlor's death. *Chabot*, 2011 WL 5520927, at \*1–2. Similarly, *Wisecarver* involved a request for accounting of assets removed from the estate *prior to* the testator's death. *Wisecarver*, 489 F.3d at 748–49; *see also Osborn v. Griffin*, 865 F.3d 417, 435 (6th Cir. 2017) ("property that a party *removes* from a decedent's estate prior to his death is not part of the *res* that is distributed by the probate court") (emphasis in original). In contrast, here, Hoeppner-Cruz requests an accounting for Trust assets for a period *after* the settlors' deaths.

Accordingly, Claim 2 must be dismissed for lack of jurisdiction.

## C.    Breach Of Fiduciary Duties Claim (Claim 3)

Hoeppner-Cruz alleges that Brower breached his fiduciary duty to the Trust by violating four duties outlined in the California Probate Code. Compl. ¶ 34 (citing Cal. Prob. Code. §§

15

16000, 16003, 16006, 16014).  For this claim, Hoeppner-Cruz seeks compensatory damages and injunctive relief.  *Id.* ¶ 35.  Specifically, she requests damages from Brower "in the amount of $215,504.49" resulting from Brower's sale of the Glenn Court Property.  *Id.* ¶¶ 21, 24–25. Brower argues that this claim is barred by the probate exception because it deals with the internal affairs of Trust administration.  Def.'s Supp. Br. at 1:21–3:26.  Hoeppner-Cruz contends that the "Court has jurisdiction over [Brower's] breaches of his fiduciary duties."  Opp. at 5:9–6:8.

Under California law, "[t]he elements of a cause of action for breach of fiduciary duty are the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach."  *Knox v. Dean*, 205 Cal. App. 4th 417, 432 (2012) (citation omitted).  "Whether a fiduciary duty exists is generally a question of law.  Whether the defendant breached that duty towards the plaintiff is a question of fact."  *Marzec v. California Pub. Emps. Ret. Sys.*, 236 Cal. App. 4th 889, 915 (2015) (emphasis omitted) (cleaned up).  A trustee/beneficiary relationship is a quintessential example of a fiduciary relationship.  *Wolf v. Superior Ct.*, 107 Cal. App. 4th 25, 30 (2003).

In California, a breach of fiduciary duty can constitute a breach of trust.  *E.g., Stueve Bros. Farms, LLC v. Berger Kahn*, 222 Cal. App. 4th 303, 325–26 (2013); *see also* Cal. Prob. Code § 16400 ("A violation by the trustee of any duty that the trustee owes the beneficiary is a breach of trust.").  "[A] trustee or beneficiary may petition the court to compel redress of a breach of a trust."  *Est. of Bowles*, 169 Cal. App. 4th at 695.  Such a proceeding concerns the internal affairs of a trust.  *Id.* at 695–96 (citing Cal. Prob. Code § 17200(b)(12)).  Several remedies are available for a breach of trust, including compelling the trustee to pay money to redress the breach, imposing "an equitable lien or a constructive trust on trust property," and recovering property that has been wrongfully disposed of.  Cal. Prob. Code § 16420.

In California, a trustee has several general duties.  *See id.* at §§ 16000–16015.  "[T]he trustee has a duty to administer the trust according to the trust instrument and, except to the extent the trust instrument provides otherwise, according to this division."  *Id.* at § 16000.  Where there are multiple beneficiaries, "the trustee has a duty to deal impartially with them and shall act impartially in investing and managing the trust property, taking into account any differing interests

of the beneficiaries." *Id.* at § 16003.  The trustee must "take reasonable steps under the circumstances to take and keep control of and to preserve the trust property." *Id.* at § 16006.  And the trustee must apply the "full extent of the trustee's skills." *Id.* at § 16014.

Here, Claim 3 seeks redress for a Trustee's breach of fiduciary duties.  As a threshold matter, a claim for breach of fiduciary duty is not *per se* barred by the probate exception.  *See Waller*, 2023 WL 5180344, at *2 ("The probate exception does not block a federal court from hearing a breach of fiduciary duty claim seeking damages against a trustee.").  On the other hand, contrary to Hoeppner-Cruz's assertion, no binding authority exists holding that the probate exception *never* bars a claim for breach of fiduciary duty.  *See* Opp. at 5:11–12 ("A claim alleging a trustee breached their fiduciary duty may not be dismissed under the probate exception.").  In fact, in a case cited by Hoeppner-Cruz, the Sixth Circuit explained that following *Marshall*, a claim for breach of fiduciary duties does "not necessarily fall within the scope of the probate exception." *Wisecarver*, 489 F.3d at 751.  The Court agrees with other federal courts that it must inquire whether a claim is premised on acts of estate administration.  *See, e.g., Solomon*, 2017 WL 8109984, at *3 ("[T]he probate exception applies to claims of conversion that are related to a trust and the proper distribution of its assets.").  In addition, the Court agrees with other federal courts that it must look behind the claim to discern whether the probate exception bars the remedy requested.  *See, e.g., Wisecarver*, 489 F.3d at 751 (holding probate exception barred "a majority of the relief that Plaintiffs seek" because it "would involve disturbing [the decedent's] estate, which has already been probated").

The Court concludes that a claim for breach of fiduciary duties premised upon a Trustee's discretionary acts of Trust administration impermissibly requires the Court to administer a decedent's estate.  Hoeppner-Cruz alleges that Brower breached fiduciary duties when he "wasted Trust assets" by selling the Glenn Court Property to two Beneficiaries "at an unwarranted discount" that "fell far below the appraised value of the real property."  Compl. ¶¶ 1, 21, 24, 34.  She does not allege that Brower's act of distributing the Glenn Court Property contravened any

17

Trust provision.[6] As discussed, the Trust Document grants Brower absolute discretion in valuing and distributing Trust property. Compl., Ex. A at 9. Based on the allegations in the Complaint, Hoeppner-Cruz merely does not like the way that Brower chose to administer the Trust. But she cannot skirt the probate exception by alleging a damages claim for breach of fiduciary duties premised on Brower's discretionary acts of Trust administration; this asks the Court to substitute its own judgment regarding Trust distribution for that of a Trustee's. *Cf. Law v. Ecoff*, No. CV-19-2709-PA(PJWx), 2019 WL 13253420, at *3 (C.D. Cal. July 23, 2019) (holding plaintiff cannot "avoid the application of the probate exception by joining his claims for damages" that "rely, at least in part, on the invalidity of the trust amendments," which the court cannot adjudicate under the probate exception); *Solomon*, 2017 WL 8109984, at *4 (holding probate exception barred claim for tortious breach of trustee duty based on change of trustee). In sum, the Court agrees with Brower that the Court lacks jurisdiction to redress Brower's purported breach in deciding the sale price and distribution of the Glenn Court Property. *See* Reply at 6:11–8:18 ("The probate court has exclusive jurisdiction to rule on the Glenn Court sale price.").

Hoeppner-Cruz's requested remedies bolster the conclusion that her claim is barred by the probate exception. *Cf. McGovern v. Braun*, No. CV-12-672-PHX-GMS, 2012 WL 1946600, at *3 (D. Ariz. May 30, 2012) (holding claims barred by probate exception because plaintiff "has elected to pursue remedies that are inseparable from the administration of the Estate"). She requests both monetary and injunctive relief. Compl. ¶ 35. For money, Hoeppner-Cruz requests damages coextensive with the harm caused to the Trust by Brower's sale of the Glenn Court Property at a reduced price so that the Beneficiaries can receive a larger payout from that sale. *Id.* ¶¶ 21, 24–25. In essence, she requests money equivalent to the true value of a distributed Trust asset. The Court cannot grant such relief because it would require the Court to redistribute the Glenn Court Property by granting the Beneficiaries its equivalent cash value. *See Osborn*, 865 F.3d at 434–69 (explaining probate exception bars "federal court from *de facto* redistributing

---

[6] Hoeppner-Cruz makes a blanket allegation that Brower distributed "Trust assets in violation of the Trust Agreement." Compl. ¶ 34. But without more—such as allegations of how Brower contravened the Trust Document or what provisions he violated—this allegation is conclusory.

18

probated property by granting a plaintiff its equivalent cash value"); *see also Waller*, 2023 WL 5180344, at *1 (citing *Osborn* and holding that judgment ordering entity to "pay money damages equal to the amount of the probate disbursement" "is a judgment unwinding the administration of the estate" and "beyond the limited powers of a federal court") (cleaned up).  As to injunctive relief, the Complaint does not request a specific remedy.  In her Opposition, Hoeppner-Cruz asserts she asks the Court to "grant traditional remedies" like "restoration of property to the entity from which it was taken."  Opp. at 6:3–8.  But Hoeppner-Cruz does not bring a claim for rescission of the Glenn Court Property sale.  *See* Reply at 8:5–7; *Marzec*, 236 Cal. App. 4th at 913–14 ("The court does not rescind contracts but only affords relief based on a party-effected rescission.  Both the grounds for rescission and the means by which parties may rescind their contract are governed by statute.").  And in any event, unwinding a sale of real estate that was once part of the Trust corpus constitutes Trust administration because it assumes control over the distribution of Trust assets.  *Cf. Waller*, 2023 WL 5180344, at *1.  Therefore, Claim 3 is barred by the probate exception.

Hoeppner-Cruz's cited cases do not compel a different conclusion.  *See* Opp. at 3:1–3; 5:24–6:8 (citing *Chabot*, 2011 WL 5520927, at *5; *Campi v. Chirco Tr. UDT 02-11-97*, 223 F. App'x 584 (9th Cir. 2007)).  In *Campi*, the Ninth Circuit held that a breach of fiduciary duty claim premised on the settlors' distribution of property held in their trust was not barred by the probate exception.  *See Campi*, 223 F. App'x at 585 (explaining trust prevented sale of property because "both [settlors] were still alive at the time of the sale"); *Chirco Tr. UDT 02-11-97 v. Boltz*, No. 02-cv-0450-LAB(JMA), 2005 WL 8173310, at *1 (S.D. Cal. May 31, 2005) (explaining "the issues were wholly separate from any probate context and involved a transaction which occurred prior to the death of either original trustee").  Unlike *Campi*, this case concerns Trust property distributed by a Trustee *after* the settlors' deaths.  *See* Reply at 6:11–8:10.  Put another way, unlike *Campi*, this case concerns property that was part of the Trust corpus—the *res* whose distribution is subject to probate court oversight.  *Cf. Osborn*, 865 F.3d at 435.  And *Chabot* is similarly inapposite—it involved a breach of fiduciary duty claim premised on a trustee's actions taken while the surviving settlor served as co-trustee.  *Chabot*, 2011 WL 5520927, at *1–2.

United States District Court
Northern District of California

Accordingly, Claim 3 must be dismissed for lack of jurisdiction.

## V.    CONCLUSION

For the reasons stated above, the Court **DISMISSES** Hoeppner-Cruz's Complaint without leave to amend for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: June 3, 2026

THOMAS S. HIXSON
United States Magistrate Judge

20